UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN ADONAY SANCHEZ COLOCHO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden, California City Correctional Facility; ORESTES CRUZ, Acting Director San Francisco Field Office, Immigration and Customs Enforcement; TODD LYONS, Executive Associate Director Of Ice Enforcement And Removal Operations (ERO); KRISTI NOEM, Secretary, Department Of Homeland Security; and PAMELA BONDI, Attorney General,

Respondent.

No.  1:26-cv-00123-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' MOTION TO DISMISS PETITION**

**[Doc. 9]**

**[21-DAY DEADLINE]**

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is challenging his detention by the United States Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner filed the instant petition on January 30, 2026. (Doc. 1.) He claims he is a member of the Maldonado Bautista[1] "Bond Eligible Class" and therefore entitled to release.

---

[1] Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom*. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM,

1

On February 2, 2026, the Court issued an order directing Respondents to show cause whether it disputes Petitioner's membership in the class, and if so, to explain why Petitioner is not entitled to relief. (Doc. 7.)

On February 5, 2026, Respondents filed a response to the order to show cause by filing a motion to dismiss. (Doc. 9.) Respondents contend Petitioner is not a member of the Maldonado Bautista class because he does not meet the definition of the class. The Court finds Respondents' arguments persuasive.

In Maldonado Bautista, the court defined the "Bond Eligible Class" as follows:

All noncitizens in the United States without lawful status who (1) have entered or will enter the United States *without inspection*; (2) *were not or will not be apprehended upon arrival*; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Maldonado Bautista, 2025 WL 3713987, at *32 (emphasis added).

Respondent contends Petitioner fails to satisfy the first two qualifications because Petitioner was apprehended upon arrival. Respondents argue that this fact is undisputed, pointing out that Petitioner stated in his petition: "Petitioner Melvin Adonay Sanchez Colocho is a citizen of El Salvador who first entered the United States and received the Unaccompanied minor designation." (Doc. 1 at 4.) From Petitioner's exhibits, it appears Petitioner entered the United States at or near El Paso, Texas, was then inspected by immigration officers, and was then given the "unaccompanied minor designation" and released accordingly. (Doc. 1-2 at 3.) Thus, the Court agrees that Petitioner is not a member of the Bond Eligible Class and therefore not entitled to class relief. Since Petitioner's sole claim in his petition is his request for relief as a member of the Bond Eligible Class, the Court will recommend Respondents' motion to dismiss be granted.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Respondents' motion to dismiss be GRANTED and the petition be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge

---

2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

2

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **February 11, 2026**                    /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE

3