UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ADONAY SANCHEZ COLOCHO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden, California City Correctional Facility; ORESTES CRUZ, Acting Director San Francisco Field Office, Immigration and Customs Enforcement; TODD LYONS, Executive Associate Director Of Ice Enforcement And Removal Operations (ERO); KRISTI NOEM, Secretary, Department Of Homeland Security; and PAMELA BONDI, Attorney General,<br><br>Respondents. | No. 1:26-cv-00796-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING RESPONDENT'S MOTION TO DISMISS, AND DISMISSING PETITION WITH LEAVE TO AMEND<br><br>Docs. 9, 10 |

Petitioner Melvin Adonay Sanchez Colocho is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2026, the assigned magistrate judge issued findings and recommendations to grant respondents' motion to dismiss. Docs. 9, 10. Those findings and recommendations were served upon all parties and contained notice that any objections thereto

1

were to be filed within twenty-one (21) days after service.  On March 5, 2026, petitioner filed objections.  Doc. 11.

In his objections, petitioner continues to argue that he is a member of the "Bond Eligible Class," even though the record shows that he was "apprehended upon arrival" and therefore falls outside of the class definition.  *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  As petitioner states in his objections, "[i]t is uncontested that Petitioner arrived at or near the El Paso border on or about January 18, 2017, where he was detained, designated as an unaccompanied minor and released shortly thereafter."  Doc. 11 at 2.  It appears undisputed that petitioner was apprehended upon arrival; he therefore does not fall within the *Maldonado Bautista* class.

Petitioner also argues in his objections that "the argument that § 1226(a) governs his detention . . . stands alone."  Doc. 11 at 3.  Petitioner may be able to assert such a claim that § 1226(a), rather than § 1225(b)(2)(A), governs his detention.  *See Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *4–8 (E.D. Cal. Nov. 12, 2025).  But petitioner did not raise that claim in his petition.  The petition raises only one claim: that his detention violates the Immigration and Nationality Act *because* he is a member of the "Bond Eligible Class" in *Maldonado Bautista*, *see* Doc. 1 at ¶¶ 1–11, 27–32, and that claim is without merit.  As petitioner may be able to amend his petition to assert a tenable claim for relief, the petition is denied with leave to amend.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, the Court adopts the findings and recommendations to the extent they recommend dismissing the petition.  But the Court will dismiss with leave to amend.

Accordingly,

1. The findings and recommendations issued on February 12, 2026, Doc. 10, are adopted in part;
2. Respondent's motion to dismiss, Doc. 9, is granted;
3. The petition for writ of habeas corpus is dismissed with leave to amend; and
4. Petitioner may file an amended petition within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Dated:   March 9, 2026

_____
UNITED STATES DISTRICT JUDGE

3