UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ADONAY SANCHEZ COLOCHO (A-Number: A-212-949-668), | No.  1:26-cv-00796-KES-FJS (HC) |
| Petitioner, | ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE |
| v. | |
| CHRISTOPHER CHESTNUT, Warden, CALIFORNIA CITY CORRECTIONAL FACILITY; ORESTES CRUZ, Acting Director San Francisco Field Office, Immigration and Customs Enforcement; TODD LYONS, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); Markwayne MULLIN, Secretary, Department Of Homeland Security; and PAMELA BONDI, Attorney General, | Doc. 14 |
| Respondents. | |

Petitioner Melvin Adonay Sanchez Colocho is an immigration detainee proceeding with an amended petition for writ of habeas corpus and motion for temporary restraining order. Docs. 14, 15.  The Court has previously addressed the legal issues raised by the petition. *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025).

The Court set a briefing schedule on the amended petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from

1

the Court's prior orders and that would justify denying the petition.  Doc. 16.  Respondents state that the "cases cited by the Court do not appear distinguishable in law or fact."  Doc. 17 at 3. Respondents note that petitioner was convicted of misdemeanor driving under the influence several years ago.  *Id.* at 2.  Respondents do not rebut petitioner's allegation that he has complied with immigration requirements and actively litigated his asylum claim over eight years.  Doc. 15 at 4; *see* Doc. 17.  Respondents do not argue that petitioner's prior misdemeanor conviction shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c).  *See id.*  While petitioner's prior misdemeanor conviction may be relevant to a neutral decisionmaker's determination at a bond hearing, they do not eliminate petitioner's due process right to such a hearing.

Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing.  *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)).  Respondents do not identify any urgent concerns that would warrant a post-deprivation, rather than pre-deprivation, hearing in this case.

While respondents oppose the petition, they do not raise any other arguments.  Doc. 17 at 1–3.[1]  As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  *See* Doc. 17 at 2.  But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger.  The issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*.  Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

decisions in *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206 (E.D. Cal. Dec. 31, 2025), and *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025), the amended petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ORDERED to release petitioner Melvin Adonay Sanchez Colocho (A-Number: A-212-949-668) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 16, 2026

_____
UNITED STATES DISTRICT JUDGE

3